## Pennsylvania Threshermen and Farmers' Mutual Casualty Ins. Co. v. McClellan

*Candor, Youngman & Gibson,* for plaintiff.

*Harry Alvan Baird,* for defendant.

GREEVY, J., April 5, 1955.—This action in assumpsit was brought by the Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company, plaintiff, against Wilbur M. McClellan, defendant, to recover for premiums collected by defendant and not remitted to plaintiff. Defendant in his answer admitted owing plaintiff $1,072.52, but counterclaimed for an amount in excess thereof.

On June 1, 1953, defendant did not appear for trial and the court granted plaintiff's motion and directed

the prothonotary to enter judgment against defendant and in favor of plaintiff in the amount of $1,072.52.

On December 17, 1953, defendant filed a petition to open judgment and this court granted a rule on plaintiff to show cause why the judgment should not be opened. Preliminary objections were filed thereto by plaintiff and we sustained the objections on April 13, 1954, but allowed defendant to amend. On April 28, 1954, defendant filed a petition setting forth additional reasons to support his original petition. After a conference between the court and counsel defendant was allowed to file a second amendment to his petition. On November 9, 1954, defendant filed a second amendment to his petition in which by reference he set forth the counterclaim filed November 12, 1952, as an additional reason.

The matter is now before us on preliminary objections to defendant's amendments to the petition to open.

In the opinion of this court filed April 13, 1954, whereby the first preliminary objections were sustained, we stated that a petitioner in his application to open a judgment must show a reasonable explanation for his delay or default and a meritorious defense to the action and such defense must be set forth in precise, specific, clear and unmistakable terms. Plaintiff's objection to defendant's second amendment is that defendant's counterclaim, filed November 12, 1953, does not contain facts constituting a valid defense to the judgment.

Rule 1031 of the Rules of Civil Procedure states as follows:

"(a) The defendant may set forth in the answer under the heading 'Counterclaim' any cause of action or setoff which he has against the plaintiff at the time of filing the answer (1) which arises from the same

transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose, or (2) which arises from contract or is quasi-contractual.

"(b) A counterclaim need not diminish or defeat the relief demanded by the plaintiff. It may demand relief exceeding in amount or different in kind from that demanded by the plaintiff."

Under this rule defendant may set forth any number of counterclaims which he has against plaintiff, provided they satisfy the requirements of subdivision (a) 1 or (a) 2. Defendant, in his answer, sets forth three separate and distinct counterclaims. Each should have been stated in a separate count but defendant failed to separate them.

The first claim is for 1951 commissions lost when one of defendant's policyholders refused to accept a renewal from defendant but obtained similar coverage with plaintiff through another agent, the allegation being that this was solicited by plaintiff through a special agent. This claim was for $875.33 for 1951 commission, and $242.87 for 1952 commission on renewal of the policy.

This claim does not come within either of the two categories required by rule 1031, therefore was improperly included in the counterclaim and is not a meritorious defense to the judgment.

Defendant also claims an unliquidated amount for subsequent renewals of the policy. This claim does not come within either of the two categories of rule 1031, therefore was improperly included in the counterclaim and is not a meritorious defense to the judgment.

Defendant, in his counterclaim in support of a third claim, alleged that certain policies issued by him were canceled by policyholders during 1951, and that he paid the policyholders returned premiums thereon but

was reimbursed by plaintiff in an incorrect amount; that there is due and owing him by plaintiff the sum of $93.22. This comes within the requirements of rule 1031 and was properly included in the counterclaim and if proven does constitute a meritorious defense to the judgment in the amount of $93.22. We are not required, however, to open the judgment merely because defendant alleges a counterclaim, which if true would reduce the amount of the judgment.

Petitions to open judgments are addressed to the sound discretion of the court and exercising that discretion we refuse to grant the relief for petitioner has not shown reasonable explanation for the delay in filing the petition, nor reasonable explanation for not appearing when the case was called for trial, and in our opinion the amount of the counterclaim, if properly pleaded, is insufficient cause for granting the relief sought.

The burden on this application is upon defendant to allege, first, due diligence; second, grounds for opening the judgment and, third, the existence of a meritorious defense.

In our opinion defendant, by his original petition and two amendments thereto, has failed to show due diligence in his application; secondly, he has not shown sufficient grounds for opening the judgment, and third, with the exception of his alleged counterclaim in the amount of $93.22 has not shown the existence of a meritorious defense, and as we have stated, the fact that defendant may have a valid claim in the amount of $93.22 is not sufficient cause by itself for granting the relief sought.

After careful consideration we are satisfied that under the circumstances defendant is not entitled to the relief sought. Therefore, the preliminary objections must be sustained, defendant's petition dismissed and the rule to show cause heretofore issued discharged.

*Order*

And now, to wit, April 5, 1955, preliminary objections are sustained and it is ordered, adjudged and decreed that defendant's petition to open judgment be and is hereby dismissed and the rule to show cause heretofore issued why the judgment should not be opened, be and is hereby discharged. Costs on Wilbur H. McClellan, defendant.